UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT COX,

                                    Plaintiff,

                                                              Case #12-CV-6661-FPG

v.

                                                              ORDER DISMISSING CASE

ROCHESTER POLICE DEPARTMENT,
CHARLES LoTEMPIO, SHIELD #1659, and
GABRIEL PERSON, SHIELD #1648,

                                    Defendants.

_____

On January 16, 2015, Plaintiff was ordered to show cause, in writing and before January 26, 2015, why this case should not be dismissed his for failure to prosecute this action and/or for his failure to appear at the trial date status conference before this Court on January 16, 2015. Although the January 16, 2015 Order warned Plaintiff that the failure to respond to the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), the Plaintiff has failed to respond to the Order in any fashion.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be

prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*,16 F.3d 482, 485 (2d Cir. 1994).

In this case, the Plaintiff was duly notified of the trial date status conference, but he failed to appear, and he never contacted the court in any fashion regarding the conference. After his non-appearance, the Plaintiff was ordered to show cause regarding his non-appearance, and was warned that the failure to do so would result in the dismissal of his case. Despite that warning, the Plaintiff has ignored the Order. Since the Plaintiff has refused to appear in court to prosecute his action and has refused to respond to the Court's orders, there is no sanction less drastic than dismissal that would be effective.

Due to the Plaintiff's failure to comply with the Court's prior orders, and because the Plaintiff has not communicated with the Court in any fashion to explain or correct the noncompliance despite being warned of the consequences of failing to respond, I find that dismissal is appropriate under the facts of this case, and this action is hereby dismissed, with prejudice. The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED:      January 29, 2015
            Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge

2